In the Matter of the Claim of ANTHONY BARBERA, Respondent, v. CHEZ VOUS RESTAURANT, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— In an accident on May 15, 1961, claimant sustained a right inguinal hernia and an injury to his right ring finger. On June 15, 1961 the carrier authorized surgery for the repair of the hernia but claimant chose to defer the operation until October 2, 1961; and as the result of surgery on that day and of a resultant infection was disabled for 18 weeks. He was accordingly awarded compensation for 18 weeks of total disability and the carrier paid the award. For the finger injury claimant sought an additional award for the schedule loss of 50% of the finger amounting to 12½ weeks of compensation; but the Referee disallowed such claim on the ground that: "Disability exceeds schedule loss." Upon review, however, the board held that "the claimant is entitled to a schedule loss award in addition to the award for post-operative disability, inasmuch as both conditions resulted from the same accident and the awards do not cover the same period" and accordingly made the schedule loss award. In New York, unlike some other jurisdictions, schedule awards are not in the nature of damages and do not constitute "indemnity for loss of a member or physical impairment as such but compensation for disability to work made on the basis of average weekly wages" and "paid for the period named in the schedule." (*Matter of Marhoffer* v. *Marhoffer*, 220 N. Y. 543, 546, 547.) In *Marhoffer*, consequently, consecutive awards, one for temporary total disability arising out of injuries to a thumb and finger, followed by an award for the schedule loss of another finger, were disapproved. We find nothing in any subsequent amendment of the statute indicative of any change in the basic principle under which *Marhoffer* was decided. The board's memorandum decision in this case asserts no such change in principle but rests solely on the fact that the awards were for disabilities accruing for different periods which did not overlap. That fact, in this perhaps unusual case, was not due to any organic or pathological change in claimant's condition, but solely to his choice. Had claimant submitted to surgery immediately, the actual and the statutorily presumed periods of disability would have coincided and the basis of the board's present decision would not exist. That they did not coincide or overlap was due solely to claimant's independent action — which we do not imply was contrived for financial advantage — and that did not, in our view, accomplish a different result or establish a new basis of liability. Decision reversed, with costs to

appellants, and case remitted to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.