Melvin K. LAFFERTY, and Harold Mnew, individually and on behalf of all those similarly situated, Plaintiffs-Appellants,

v.

SOLAR TURBINES INTERNATIONAL, an Operating Group of International Harvester Company, Defendant-Appellee.

No. 80–5606.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1981.

Decided Jan. 25, 1982.

As Amended on Denial of Rehearing and Rehearing En Banc April 20, 1982.

J. Kenneth Jensen, La Jolla, Cal., for plaintiffs-appellants.

Edward J. McIntyre, Gray, Cary, Ames & Frye, San Francisco, Cal., for defendant-appellee.

Before NELSON and CANBY, Circuit Judges, and TASHIMA,* District Judge.

PER CURIAM:

Appellants, plaintiffs below, seek review of an order of the district court denying remand to the state court in this dispute over pension benefits. The district court denied the motion to remand after concluding that the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1383 (1976 & Supp. II 1978), preempted appellants' alleged claim under state law, and granted defendant's motion for summary judgment. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellee Solar Turbines International (Solar), the defendant below, first enacted a pension plan for its employees in 1966. Appellants joined that plan in 1966 and voluntarily contributed a portion of their earnings to the plan. In 1976 the plan was amended to conform with the requirements of the then recently enacted ERISA. Pursuant to the 1976 amendments some of appellants' co-workers—who had previously chosen not to contribute to the plan—were allowed to begin contributing and thus receive the same benefits as appellants. The appellants believe this resulted in "unfair discrimination"[1] and accordingly brought this action for breach of contract, seeking restitution of contributions made to the pension plan.

* The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation.

1. The 1976 plan added a provision under which Solar would make payments to meet a minimum amount if benefits received from other sources did not meet that minimum. Appellants are concerned that those who did not join the plan until 1976, and who thus made relatively small contributions, might receive minimum benefits because of Solar's payments, while those with longer records of participation and larger contributions would receive the same minimum, but largely as a result of their contributions.

Appellants' complaint was originally brought in California state court in April 1978. The action was removed to the federal district court by Solar pursuant to 28 U.S.C. § 1441 (1976) on the ground that ERISA had preempted state law as to appellants' claims and vested the federal courts with jurisdiction over the cause. In November, 1978, the appellants moved to remand the cause to state court, which motion was then, and upon reconsideration in April, 1980, denied by the district court. As appellants had conceded they lacked a cause of action under ERISA, the district court granted appellee's motion for summary judgment. The appellants brought this timely appeal from the final judgment seeking review of the denial of remand.

## ISSUE

The only issue on this appeal is whether appellants' alleged cause of action is governed by ERISA and consequently does not arise under state law. Section 514(a) of ERISA, 29 U.S.C. § 1144(a) (1976), provides that relevant provisions of the Act "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." Section 514(b)(1), 29 U.S.C. § 1144(b)(1) (1976), provides that the preemption provision "shall not apply with respect to any cause of action which arose, or any act or omission which occurred, before January 1, 1975."

Appellants attempt to escape federal preemption of their claim—which was brought after January 1, 1975—by arguing that their complaint is "with respect to . . . act[s] . . . which occurred before January 1, 1975." Specifically, they argue that their complaint is based on agreement to the 1966 plan and their pre-1975 contributions thereunder, and that ERISA should not be applied retroactively to these acts.

A number of courts have declined to apply ERISA retroactively to a cause of action, even though the cause formally arose from an act or omission occurring after the preemption date. In *Ponce v. Construction Laborers Pension Trust*, 628 F.2d 537 (9th Cir. 1980), this court declined to apply ERISA to claims of plaintiffs who complained of benefits denied them after the preemption date. The benefits were denied pursuant to a plan participated in only prior to the preemption date, and denial was based on the failure of plaintiffs to meet certain requirements of the plan while they were participating. The only act subsequent to the preemption date was the formal act of denial. Similarly, in *Bacon v. Wong*, 445 F.Supp. 1189 (N.D.Cal.1978), the court declined to apply ERISA to a cause of action for mistaken payments to a pension fund made and discovered before the preemption date, even though the court assumed that the cause of action did not formally arise until after the preemption date when the payer had requested voluntary restitution of the mistaken payments. *See also Woodfork v. Marine Cooks & Stewards Union*, 642 F.2d 966 (5th Cir. 1981); *Quinn v. Country Club Soda Co.*, 639 F.2d 838 (1st Cir. 1980); *Landro v. Glendenning Motorways, Inc.*, 625 F.2d 1344 (8th Cir. 1980); *Martin v. Bankers Trust Co.*, 565 F.2d 1276 (4th Cir. 1977).

Under some circumstances, however, this court has applied ERISA to a cause of action based, in part, on acts occurring before ERISA became effective to preempt state law. In *Smith v. CMTA–IAM Pension Trust*, 654 F.2d 650 (9th Cir. 1981), a plan—which was enacted, and to which plaintiff had made contributions only prior to the preemption date—operated to deny plaintiff benefits because he continued to be employed in a particular industry while seeking benefits. The court found ERISA applicable to the benefits denied after ERISA's effective date because the denial was the result of plaintiff's act of continuing to be employed by an employer participating in the plan after ERISA became applicable to that plan. *Id.* at 657 & n.8. The distinction between *Smith* and the cases declining to apply ERISA seems apparent. In each of the other cases, the acts after the preemption date were merely formalities adjunct to a set of acts before the preemption date which were more substantially related to the cause of action. In *Smith*, the most substantial act operating to deny plaintiff benefits was an act—his employment in a particular industry—which occurred after the effective date.

While it may be unclear what constitutes an act "substantially related" to the cause of action in some cases, and it is not clear whether ERISA should apply when substantial acts occurred both before and after the preemption date, we have no difficulty holding ERISA applicable to the cause of action presented in this case. In the present case, the only substantial act relating to appellants' cause of action was the adoption of the 1976 plan. Appellants' argument that their cause of action relies on the agreement to the 1966 plan and the pre-1975 contributions misconstrues the nature of their complaint: mere agreement, or making of contributions, is in no way actionable. Only if those actions are rendered valueless by a separate, independent act—here, allegedly, adoption of the 1976 plan—can appellants complain about the effect or result of their earlier action.

We conclude that where, as here, the only substantial acts contributing to a cause of action occur after the preemption date, ERISA is applicable to the cause of action. In the present case, the only substantial act contributing to the cause of action was the adoption of the 1976 amendments: as this act was after the preemption date, ERISA was applicable and removal of the cause of action to the federal court was appropriate. The order denying remand was therefore proper, and the order and the final judgment of the district court are accordingly

AFFIRMED.