679 F.2d 1319
 3 Employee Benefits Ca 1721
 The EMPLOYEE BENEFITS COMMITTEE OF the RETIREMENT SYSTEM OF
HAWAIIAN TELEPHONE COMPANY, and The Hawaiian
Telephone Company, Plaintiff/Appellants,
v.
Eleanor PASCOE, Edward Young, Edmund Lin, Frank Yee,
Cornelio Kaai, James Jeremiah, and Local 1357,
IBEW, Defendants/Appellees.
 No. 81-4014.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Feb. 11, 1982.
Decided June 23, 1982.
 
 Jared H. Jossem, Roger W. Fonseca, J. George Hetherington, Honolulu, Hawaii, for plaintiffs/appellants.
 Herbert R. Takahashi, Dwight Takamine, Honolulu, Hawaii, for defendants/appellees.
 Appeal from the United States District Court for the District of Hawaii.
 Before SNEED, PREGERSON and POOLE, Circuit Judges.
 POOLE, Circuit Judge:
 
 
 1
 Appellants, the Employee Benefits Committee of the Retirement System of the Hawaiian Telephone Company (the Committee) and the Hawaiian Telephone Company (the Company), appeal from a grant of summary judgment in favor of the appellees entered by the district court. The district court found, that, as a matter of law, the provision in the appellants' pension plan permitting offset of workers' compensation benefits against benefits provided under the Company plan violated the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq. The court also found that the Hawaii Workers' Compensation Law prevents such offsets. In light of the Supreme Court's decision in Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981), we reverse.
 
 I. Facts
 
 2
 Appellees are individuals who have received or are receiving benefits derived from the Company's contributions to the pension plan. Eleanor Pascoe, the widow of a Company employee, received a lump sum payment of $30,227.28 as an Accidental Death Benefit. Edmund Lin, Cornelio Kaai, Frank Yee and James Jeremiah each retired from the Company because of permanent disability and received Accidental Disability Retirement Benefits under the plan. Edward Young retired from the Company at the age of 61 and received a Service Retirement Benefit in the form of an annuity.
 
 
 3
 Subsequently, each appellee was awarded benefits under the Hawaii Workers' Compensation Law, Haw.Rev.Stat. §§ 386-1 to 386-142 (1976). Lin and Young were awarded temporary total disability payments. Kaai, Yee and Jeremiah were awarded permanent total disability payments. Pascoe received workers' compensation dependency benefits. All appellees except Pascoe received medical benefits and Yee and Kaai received lump sum disfigurement awards.
 
 
 4
 The Committee and the Company brought this action under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), for a declaration that they were entitled to offset the appellees' workers' compensation benefits against the benefits they would receive under the pension plan. The offset provision of the Company plan provides as follows:
 
 
 5
 Compensation Benefits-Any amounts paid or payable by the Company, or as the result of premiums or taxes paid therefore by the Company, under the provisions of the Hawaii Workers' Compensation Law or any similar law, to an employee or Retired Employee or to his dependents on account of his service, any Disability or death shall be offset against and payable in lieu of any benefits payable out of the funds provided from contributions of the Company under the provisions of this System on account of the same service, disability or death. In case the present value of the total commuted benefits under the Hawaii Workers' Compensation Law or any similar law is less than the present value of any benefits otherwise payable from funds provided from contributions of the Company under the provisions of the System, then the present value of the commuted payments under the Hawaii Workers' Compensation Law or any similar law shall be deducted from the present value of these benefits and such benefits as may be provided by the remainder shall be payable under the provisions of these Rules.
 
 
 6
 The district court, on cross motions for summary judgment, granted appellees' motion for summary judgment, finding as a matter of law, that as to appellees Young, Yee and Jeremiah, the offset provision constituted a prohibited forfeiture of vested pension benefits under § 203(a) of ERISA, 29 U.S.C. 1053(a).[1] The court held that Treasury Regulation 26 C.F.R. § 1.411(a)-4(a) was void to the extent it permitted such offsets. In addition, the court found, as to all individual appellees, that the offset provision violated Section 386-9 of the Hawaii Workers' Compensation Law, which prohibits any "contract, rule or regulation" which relieves the employer of an obligation to pay workers' compensation.
 
 II. Forfeiture under ERISA
 
 7
 At the time the district court rendered its decision it did not have the benefit of the Supreme Court's decision in Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). Affirming the Third Circuit, the Court held that the offset of workers' compensation benefits does not constitute a forfeiture under § 203 of ERISA and therefore the Treasury Regulation 26 C.F.R. § 1.411(a)-4(a) permitting such offsets is valid. See also Server v. Interpace Corp., 657 F.2d 1115 (9th Cir. 1981).[2]
 
 
 8
 The Supreme Court initially noted that while Section 203 prohibits forfeitures of benefits, the amount of benefits provided under a pension plan is specifically left to the determination of the parties through the collective bargaining process. Thus, the "statutory definition of 'non-forfeitable' assures that an employee's claim to the protected benefit is legally enforceable, but it does not guarantee a particular amount or a method for calculating the benefit." 451 U.S. at 512, 101 S.Ct. at 1900. The Court pointed out that although Congress set certain limits on permissible accrual practices, 29 U.S.C. § 1054(b)(1), and vesting schedules, 29 U.S.C. § 1053(a) (2), it specifically did not prohibit "integration," a calculation practice in which other income sources available to retired employees are included in determining pension benefits. 451 U.S. at 514, 101 S.Ct. at 1901. Indeed, the Court noted, Congress specifically permitted pooling of Social Security Act and Railroad Retirement Act Benefits in calculating pension benefits, 29 U.S.C. §§ 1054(b)(1)(B)(iv), 1054(b)(1)(C), and 1054(b)(1)(G), without providing a specific exception to the § 203(a) forfeiture provision. 451 U.S. at 514-15, 101 S.Ct. at 1901.
 
 
 9
 No specific provision in ERISA permits integration with workers' compensation, but the Court concluded that Treasury Regulation 26 C.F.R. § 1.411(a)-4(a), which permits such offsets, was consistent with the Act. The Court observed that when Congress enacted ERISA, IRS rulings already permitted integration of workers' compensation payments in calculating pension benefits, if such benefits corresponded to benefits paid under the pension plan. See Rev.Rul. 68-243, 1968 C.B. 157; Rev.Rul. 69-421, 1969-2 C.B. 72. Since the legislative history of ERISA reveals that Congress approved those rulings, see H.R.Conf.Rep.No. 93-1280, 93rd Cong., 2d Sess., 277 (1974), U.S.Code Cong. & Admin.News, p. 5038, the Court reasoned that Congress intended to sanction offset of workers' compensation benefits. 451 U.S. at 521, 101 S.Ct. at 1905.
 
 
 10
 The arguments raised by appellees in this case, and accepted by the district court, were specifically rejected in Alessi. But even while acknowledging the impact of Alessi, appellees argue that it does not apply to payments under a workers' compensation scheme which are unrelated to reimbursement of lost wages, such as medical expenses or compensation for disfigurement or bodily impairment. They point to the Court's statement in Alessi that the IRS permitted integration on the basis that workers' compensation "is as much as income maintenance program, responding to wage loss, as it is remuneration for injury, and therefore it may be integrated with pension benefits to the advantage of the entire group." 451 U.S. at 520 n.16, 101 S.Ct. at 1904 n.16. On the other hand, as the Court noted, IRS did not permit integration of workers' benefits concerned with compensating for the direct effects of the injury itself such as remuneration for medical expenses and bodily impairment awards. 451 U.S. at 520-21, 101 S.Ct. at 1904.
 
 
 11
 Since the offset provision in the company plan refers to workers' compensation benefits in general, appellees urge us to remand to the district court to determine which portion of appellees' workers' compensation benefits constitute non-income replacement items, and thus are not subject to offset.
 
 
 12
 In this case, however, as the district court recognized, the company has offset only those payments which Hawaii law recognizes as intended to provide income replacement. Under the Hawaii Workers' Compensation system temporary and permanent total disability benefits paid under Haw.Rev.Stat. § 386-31 (1976) serve as compensation for loss of earning capacity. See Cuarisma v. Urban Painters, Ltd., 59 Haw. 409, 583 P.2d 321 (1978). Similarly, death benefits authorized under Haw.Rev.Stat. § 386-41 (1976) are designed to replace the contribution of the deceased worker towards the maintenance of his dependents. See Hawaiian Canneries Co. v. Dependents of Clara Kali, 43 Haw. 173 (1959); 2A Larsen, The Law of Workmen's Compensation § 6300 (1981). On the other hand, partial permanent disability benefits set out in Haw.Rev.Stat. § 386-32 (1976), including disfigurement awards, compensate for impairment of bodily integrity and may be awarded in addition to total disability payments. Cuarisma, 59 Hawaii at 421, 583 P.2d at 327. The company offset only temporary and permanent total disability benefits paid to appellees Lin, Yee, Young, Kaai and Jeremiah, and death benefits paid to Mrs. Pascoe. It did not offset reimbursement of medical expenses, disfigurement awards and other payments made to appellees which do not "match up" with any benefits provided under the private pension plan. See Rev.Rul. 78-178, 1978-1 C.B. 117. Accordingly, remand to determine whether offset of particular benefits is permitted is unnecessary.[3]
 
 
 13
 III. Preemption under ERISA and the Hawaii Workers' Compensation Law
 
 
 14
 The district court found that the company's offset of appellees' workers' compensation benefits against their pension benefits violated Section 386-9 of the Hawaii Workers' Compensation Law which provides:
 
 
 15
 (N)o contract, rule, regulation, or device whatsoever shall operate to relieve the employer in whole or in part from any liability created by this chapter.
 
 
 16
 In reaching that conclusion, the court relied in part on a decision by the Labor and Industrial Relations Board of the State of Hawaii in the case of appellee Pascoe. The company had appealed the award of workers' compensation benefits to Mrs. Pascoe, claiming that the offset provision of the pension plan relieved it of any obligation to pay workers' compensation. The Board, however, rejected the appeal on the grounds the statutory policy behind the law prevents such a preemption of benefits. The district court, in turn, concluded that reduction of pension benefits by the amount of worker's compensation benefits was also prohibited under Hawaii law.
 
 
 17
 The parties dispute whether the district court correctly interpreted Hawaii law. However, that dispute is largely academic. If Hawaii law is as the district court interpreted, the result is still ruled by Alessi's holding that state workers' compensation laws prohibiting such offsets are preempted by ERISA.
 
 
 18
 In Alessi, a New Jersey workers' compensation statute prohibited pension benefit offsets of workers' compensation payments. But Congress had explicitly provided that ERISA would "supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Court concluded that the New Jersey statute was preempted by federal law since it eliminated "integration" of workers' compensation benefits as a method of calculating pension benefits, a result inconsistent with that permitted under ERISA. 451 U.S. at 524, 101 S.Ct. at 1906.[4]
 
 
 19
 The Supreme Court specifically rejected the argument also made by appellees here that since the state law did not directly regulate pension plans and had only a "collateral" effect on them, it was not preempted:
 
 
 20
 It is of no moment that New Jersey intrudes indirectly, through a worker's compensation law rather than directly, through a statute called "pension regulation." ERISA makes clear that even indirect state action bearing on private pensions may encroach upon the area of exclusive federal concern.
 
 
 21
 451 U.S. at 525, 101 S.Ct. at 1907.
 
 
 22
 Alessi applies here. To the extent the district court correctly held that the Hawaii Workers' Compensation statute prohibits offsetting workers' compensation payments intended to provide income replacement against pension benefits, that law is preempted by ERISA.[5] Accordingly, the judgment is REVERSED.
 
 
 
 [1]
 Section 203 of ERISA, 29 U.S.C. § 1053, only prohibits forfeiture of an employees' right to his "normal retirement benefits... upon the attainment of normal retirement age." The district court therefore examined which of appellees were protected by the provision's terms. It concluded that appellee Young, who retired after the normal retirement age under the plan of 60 and received normal benefits under the plan was protected against forfeiture. As to appellees Yee and Jeremiah, who retired before age 60 but who satisfied the ten year vesting requirement under the plan, the court concluded that any benefit that they received would be protected against forfeiture after they reached age 60. The court found that benefits received by appellees Lin and Kaai were not protected against forfeiture since both had failed to satisfy the ten year vesting requirement under the plan. Finally, the court found that appellee Pascoe was not entitled to protection since she began to receive benefits in 1974, prior to the first plan year (beginning December 31, 1975) for which the non-forfeiture provision was applicable. 29 U.S.C. § 1061(b)(2)
 Notwithstanding its finding that only appellees Young, Yee and Jeremiah were protected by the terms of § 203, the district court prohibited the offset as to all appellees based on its finding that the offset provision violated the Hawaii Workers' Compensation Law.
 
 
 [2]
 In Server this court applied Alessi and reversed a district court decision holding that ERISA prohibited offset of workers' compensation payments. The court, however, remanded to the district court to determine whether the pension plan in question itself prohibited such offsets. In this case, of course, the pension plan explicitly provides for offsetting benefits
 
 
 [3]
 The Company plan here does not indicate specifically which workers' compensation benefits may be offset. However, the plan is subject to continuing IRS regulation regarding proper offsets. See Alessi, 451 U.S. at 521 n.17, 101 S.Ct. at 1905 n.17
 
 
 [4]
 The district court concluded that the company plan fell within an exception to the ERISA preemption provision for plans "maintained solely for the purpose of complying with applicable workers' compensation law." 29 U.S.C. § 1003(b)(3). Yet the plan in this case clearly provides benefits beyond those required under the Hawaii Workers' Compensation Law. As the Court recognized in Alessi, that exception is intended to cover plans maintained solely for compliance with state workers' compensation law and has no bearing on plans which more broadly fill employees' needs. 451 U.S. at 523, 101 S.Ct. at 1906
 
 
 [5]
 Preemption operates as to Mrs. Pascoe's claim even though she received her pension benefits in a lump sum prior to January 1, 1975, the effective date of the ERISA preemption provision. 29 U.S.C. § 1144. Section 1144(b)(1) states that its terms "shall not apply with respect to any cause or action which arose, or any act or ommission which occurred before January 1, 1975."
 In Lafferty v. Solar Turbines International, 666 F.2d 408 (9th Cir. 1982), this court indicated that the determination whether the ERISA preemption clause is applicable or not depends on whether acts "substantially related to the cause of action" occurred before or after its effective date. 666 F.2d at 410. See also Smith v. CMTA-IAM Pension Trust, 654 F.2d 650 (9th Cir. 1981); Bacon v. Wong, 445 F.Supp. 1189 (N.D.Cal.1978).
 Here, although Mrs. Pascoe received her pension benefits in a lump sum prior to January, 1975, the company did not attempt to make any offset until she was awarded workers' compensation benefits in March, 1976. Thus the facts giving rise to any cause of action she may have had under Haw.Rev.Stat. § 386-9 to prevent the offset did not occur at least until the award of worker's compensation benefits, an event which occurred several months after the effective date of the preemption provision.