Edward W. RESKA, Plaintiff,

v.

PENSION PLAN OF BETHLEHEM STEEL CORPORATION and Subsidiary Companies and Bethlehem Steel Corporation, Defendants.

No. CIV–86–986C.

United States District Court, W.D. New York.

Sept. 15, 1987.

---

Saperston & Day (Thomas S. Gill, of counsel), Buffalo, N.Y., for plaintiff.

Phillips, Lytle, Hitchcock, Blaine & Huber (Michael R. Moravec, of counsel), Buffalo, N.Y., for defendants.

CURTIN, Chief Judge.

In this action, plaintiff seeks to recover pension benefits to which he claims to be entitled under the Pension Plan of Bethlehem Steel Corporation and Subsidiary Companies [the Plan].

Plaintiff was an employee of defendant Bethlehem Steel for 45 years and a participant in Bethlehem's Pension Plan. Plaintiff retired in January, 1982, and began receiving a pension benefit of $861.18 monthly. In January, 1984, a decision by the Workers' Compensation Board also awarded plaintiff $3,150 for partial (20 percent) hearing loss. For three months, beginning in March, 1985, defendants reduced plaintiff's pension payments from $861.18 to $13.60 per month in order to recover $2,550.00. Defendants claimed the $2,550.00 was due the Plan as an overpayment because the Plan was entitled to deduct from plaintiff's pension benefits money received from a workers' compensation award. Plaintiff claims that this reduction of his benefits is contrary to the provisions of the Plan and violates the nonforfeiture provision of section 203(a) of the Employee Retirement and Security Act [ERISA], 29 U.S.C. § 1053(a).

Plaintiff and defendants cross-move for summary judgment pursuant to Fed.R. Civ.P. 56.

As a threshold matter, defendants contend that this claim should be dismissed because plaintiff has failed to exhaust administrative remedies provided under the Plan. Defendants argue that plaintiff was required by section 7.1 of the Plan to pursue an internal appeal procedure before coming to this court, and that he failed to do so. Section 7.1 of the Plan provides, in relevant part:

> *Disputes as to Eligibility or Amount*
> If any difference shall arise between the Company and any participant who shall be an applicant for a pension, or to whom a pension shall be payable, as to such participant's right to a pension or the amount of his pension and agreement cannot be reached between the Company and a representative of the International Union, *such question shall be referred to the impartial umpire appointed under the Basic Agreement* applicable to production and maintenance employees in the basic steel operations of the Company; *provided, however, that the President of the International Union (or his designee) has given written approval of such referral.*

Item 4, Exhibit A (emphasis added). The dispute between plaintiff and defendants was never referred to an impartial umpire, and defendants contend that plaintiff has therefore failed to exhaust his administrative remedies.

At oral argument on May 1, 1987, counsel for plaintiff stated that the record did not fully reflect steps taken by plaintiff to exhaust appeal procedures under the Plan. In my order of May 7, 1987, I gave leave to plaintiff to submit supplementary affidavits attesting to plaintiff's actions in this respect.

Plaintiff thereafter submitted an affidavit from Thomas Ansuini, identified as the attorney for certain United Steel Workers of America Locals, including plaintiff's

Local. Mr. Ansuini states that he represented plaintiff and other Bethlehem employees in their claims for workers' compensation benefits. Mr. Ansuini states that he had many discussions thereafter with Bethlehem officials, during which he argued that there should be no set-off of the workers' compensation awards against Plan pension benefits. He states that he made no progress in these discussions and therefore decided not to pursue the matter further with Bethlehem representatives (Item 14). It therefore appears that plaintiff exhausted his administrative remedies under the Plan because the designee of the Union elected not to refer plaintiff's dispute to an impartial umpire.

■ Defendants secondly contend that plaintiff's action should be dismissed because defendants' action in offsetting plaintiff's workers' compensation award against his pension benefits does not violate either the Plan or ERISA.

The relevant Plan provision, section 3.10, states as follows:

*Deduction for Disability Payments*

Any amount paid to or on behalf of any participant on account of injury ... incurred in the course of his employment ... causing disability in the nature of a permanent disability, whether pursuant to Workers' Compensation, Occupational Disease or similar statutory law (except fixed statutory payments *for the loss of, or 100% loss of use of, any bodily member* or a benefit in the nature of an annuity, pension or payment of similar kind by reason of any law), *shall be deducted* from or charged against the amount determined in accordance with paragraphs 3.3(b), (c) and (d) and paragraphs 3.4 or 3.5 [setting pension benefit amounts on the basis of age or employment, etc.]. ...

Item 4, Exh. A (emphasis added). Defendants note that by this provision, the Plan does not prohibit offset of workers' compensation awards, but normally requires such offset. Plaintiff argues, however, that his workers' compensation award falls within the exception stated by this provision. Plaintiff states that his award is a "fixed statutory payment" pursuant to the same New York Workers' Compensation Law Section (§ 15.3) that prescribes payment for loss of a bodily member, which under section 3.10 of the Plan could not set off against Plan pension benefits. However, the plain language of section 3.10 excepts from offset only payments made for "loss of, or 100% loss of use of, any bodily member," and plaintiff's workers' compensation award is indisputably for *partial* (20 percent) loss of hearing. According to the affidavit of Michael Dopera, the Plan Administrator, that exception has never been extended to an award for partial loss of use of a bodily member since this Plan provision as adopted in 1959 (Item 9). It is therefore clear that defendants' actions in offsetting plaintiff's workers' compensation award against his pension benefits was not contrary to the provisions of the Plan.

The remaining issue is whether such offset violates ERISA's non-forfeiture provision, 29 U.S.C. § 1053(a). I find that it does not, based on *Alessi v. Raybestos-Manhattan, Inc., et al.,* 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981), the controlling case on this issue. In *Alessi,* as in the instant case, plaintiffs were retired employees who had received workers' compensation awards after retirement. In *Alessi,* as here, plaintiffs challenged the validity of provisions in their employers' pension plans which set off such awards against pension benefits. That challenge was based in part on the argument that such provisions violated the non-forfeiture provision of ERISA. Finally, one of the pension plans under scrutiny in *Alessi,* the General Motors Corporation plan, contains an offset clause very similar to section 3.10 of the Bethlehem Plan, discussed above, including an exception from set-off for "Workmens' Compensation payments specifically allocated for hospitalization or medical expense, fixed statutory payments for loss of any bodily member, or 100% loss of use of any bodily member. ..." *Alessi, supra* at 507 n. 1, 101 S.Ct. at 1898 n. 1. The Court concluded in *Alessi* that pension plan provisions for offsets based on workers' compensation awards do not contravene

ERISA's non-forfeiture provisions. The Court stated that "Congress contemplated and approved the kind of pension provisions challenged here, which permit offsets of pension benefits based on worker's compensation awards." *Alessi*, at 526, 101 S.Ct. at 1908.

Plaintiff argues that the Court's opinion in *Alessi* indicates only that workers' compensation awards *in the nature of wage replacement* can be set off against pension benefits. Plaintiff states that while most workers' compensation awards are in the nature of wage replacement, his award for partial hearing loss is not, but is rather an award for "bodily impairment," and therefore cannot be set-off against his pension benefits. I do not agree that *Alessi* makes any such distinction between "types" of workers' compensation awards that are appropriate for set-off against pension benefits under ERISA. As noted, *Alessi* simply holds that ERISA permits "offsets of pension benefits based on workers' compensation awards." *Alessi*, at 526, 101 S.Ct. at 1908. Further, the Court notes in *Alessi* that when Congress enacted ERISA, it tacitly endorsed Internal Revenue Service rulings which allow pension benefits to be "integrated with" (offset by) disability payments under the Social Security and Railroad Retirement Acts, which payments do not share an "identity of purpose" with pension benefits. *Alessi* at 519, 101 S.Ct. at 1904. The Court noted that the legislative history of ERISA reflects that "the same congressional purpose ... underlies all such offset possibilities": the purpose of "promoting a system of private pensions by giving employers avenues for cutting the cost of their pension obligations." *Alessi*, at 517, 101 S.Ct. at 1903.

In sum, *Alessi* indicates that the deduction of plaintiff's workers' compensation award from his pension benefits did not violate the non-forfeiture provision of ERISA. Such deduction was also not contrary to the Bethlehem Pension Plan.

Therefore, defendants' motion for summary judgment is granted. The complaint is dismissed, and the Clerk is directed to enter judgment for defendants.

So ordered.