Edward W. RESKA, Plaintiff–Appellant,

v.

PENSION PLAN OF BETHLEHEM STEEL CORPORATION AND SUBSIDIARY COMPANIES, and Bethlehem Steel Corporation, Defendants–Appellees.

No. 614 Docket 87–7809.

United States Court of Appeals, Second Circuit.

Argued Jan. 20, 1988.

Decided June 2, 1988.

---

[black redaction bars]

Thomas S. Gill, Buffalo, N.Y. (Charles G. Humphrey, Saperston & Day, P.C., Buffalo, N.Y., of counsel), for plaintiff-appellant.

Michael R. Moravec, Buffalo, N.Y. (Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N.Y., Curtis H. Barnette, Gen. Counsel, John S. Mahoney, Bethlehem Steel Corp., Buffalo, N.Y., of counsel), for defendants-appellees.

Before LUMBARD, KEARSE and PIERCE, Circuit Judges.

PIERCE, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Western District of New York, John T. Curtin, *Ch. J.*, granting appellees' motion for summary judgment and dismissing appellant's claim of entitlement to certain pension benefits. Appellant argues that the district court erroneously relied on *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981), in rejecting his claim that the nonforfeiture provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), § 203(a), 29 U.S.C. § 1053(a) (1982), prohibit appellees from deducting his workers' compensation award from his pension benefits. We affirm.

## BACKGROUND

Appellant Reska was an employee of Bethlehem Steel for 45 years and participated in the Pension Plan of Bethlehem Steel Corporation and Subsidiary Companies (the "Plan"). He retired in January 1982 and thereafter received a monthly pension benefit of $861.18. In January 1984, the New York State Workers' Compensation Board awarded Reska $3,150.00 for partial (20%) hearing loss. Pursuant to § 3.10 of the Plan, appellees subsequently deducted appellant's workers' compensation award from his pension benefit by reducing the benefit to $13.60 for the months of March through May 1985, there-by recovering $2,550.00 in claimed overpayments.

In October 1986, appellant filed a complaint in district court seeking recovery of the pension benefits withheld by appellees. The complaint alleged that the reduction of his pension benefits was contrary to provisions of the Plan and violated the nonforfeiture provisions of ERISA, 29 U.S.C. § 1053(a). In September 1987, following cross-motions by the parties for summary judgment, the district court granted summary judgment for appellees and dismissed the complaint, 669 F.Supp. 566. Chief Judge Curtin, in a thorough opinion, found that § 3.10 of the Plan required the deduction of workers' compensation awards from pension benefits unless such payments were for "loss of, or 100% loss of use of, any bodily member." Since Reska's award was for *partial* (20%) loss of hearing, the district court concluded that it did not fall within the exception to the deduction requirement and hence, the deduction did not violate the Plan.

The district court also rejected appellant's claim that such deductions violated ERISA's nonforfeiture provisions. According to the district court, appellant's claim was directly contrary to *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981), in which the Supreme Court concluded that Congress, in enacting ERISA, "contemplated and approved the kind of pension provisions challenged here, which permit offsets of pension benefits based on workers' compensation awards," 451 U.S. at 526, 101 S.Ct. at 1908. Judge Curtin rejected appellant's claim that his award for partial hearing loss was distinguishable from the awards at issue in *Alessi;* according to the district court, *Alessi* made no such distinctions between types of workers' compensation awards. Accordingly, the district court dismissed the complaint and Reska appealed.

## DISCUSSION

On appeal, Reska renews his claim that the Supreme Court in *Alessi* did not conclude that *all* workers' compensation

awards may be used to offset pension benefits. He argues that the *Alessi* Court's holding applies only to workers' compensation awards "in the nature of wage replacement," and therefore does not apply to his workers' compensation award, which he alleges was for "bodily impairment." Consequently, appellant contends that the reduction of his pension benefits violated ERISA. We note that appellant does not renew his argument made in district court that the deduction of his award was contrary to the Plan.

In *Alessi*, the Supreme Court considered whether "private pension plans [that] reduce a retiree's pension benefits by the amount of workers' compensation awards received subsequent to retirement" are lawful under ERISA's nonforfeiture provisions. 451 U.S. at 507, 101 S.Ct. at 1898. The plaintiffs therein were retired employees whose pension plans included provisions for "integration", a practice whereby pension benefit levels "are determined by combining pension funds with other income streams available to the retired employees." *Id.* at 514, 101 S.Ct. at 1901. The Court held that Congress did not prohibit integration as a permissible method of calculating pension benefits; rather, in enacting ERISA, "Congress expressly preserved the option of pension integration with benefits available under both the Social Security Act ... and the Railroad Retirement Act ...," *see* 29 U.S.C. §§ 1054(b)(1)(B)(iv), (b)(1)(C), (b)(1)(G). *Alessi*, 451 U.S. at 514, 101 S.Ct. at 1902.

Though Congress did not specifically approve pension integration with workers' compensation awards, the *Alessi* Court concluded that Treasury Regulations and IRS rulings permitting such integration, *see* 26 C.F.R. § 1.411(a)–4 (1980); Rev.Rul. 69–421, Part 4(j), 1969–2 C.B. 72; Rev.Rul. 68–243, 1968–1 C.B. 157, were consistent with ERISA. According to the Court, Congress had enacted ERISA with full knowledge that IRS rulings permitted pension integration with workers' compensation awards, and hence, Congress tacitly embraced such rulings. *See id.* at 519–21, 101 S.Ct. at 1904–05. The Court therefore concluded that ERISA permits pension integration with workers' compensation awards. *See id.* at 521, 101 S.Ct. at 1905.

In spite of *Alessi's* holding that ERISA permits pension integration with workers' compensation awards, appellant contends that his award is distinguishable from most other workers' compensation awards and that integration of his award is not permissible under ERISA. He argues first that *Alessi* is distinguishable because the pension plans at issue therein precluded offsets of payments similar to his award for partial hearing loss. His claim is without merit. Contrary to appellant's claim, the General Motors Corporation pension plan at issue in *Alessi* contained language that is virtually identical to the language in § 3.10 of the Plan herein. It provided in relevant part that workers' compensation awards were to be deducted from pension benefits except for "fixed statutory payments *for the loss of any bodily member, or 100% loss of use of any bodily member.*" *Id.* at 507 n. 1, 101 S.Ct. at 1898 n. 1 (emphasis added). In comparison, § 3.10 of the Plan herein provided in relevant part that workers' compensation awards were to be deducted from pension benefits "except fixed statutory payments *for the loss of, or 100% loss of use of, any bodily member*" (emphasis added). Appellant apparently concedes on appeal that the language of § 3.10 permits pension integration with his award for partial hearing loss, since he does not contest the district court's conclusion to that effect. Given the nearly identical language of § 3.10 and the offset clause in the General Motors plan in *Alessi*, it is clear that, contrary to appellant's contention, the latter provision does not preclude the deduction of awards for partial hearing loss.

Appellant also attempts to distinguish his award for partial hearing loss from other workers' compensation awards. He notes that the IRS rulings discussed in *Alessi* approved the integration of pension and other benefits only when such benefits "correspond[ed] to benefits available under the pension plan," *id.* at 520, 101 S.Ct. at 1904. In *Alessi*, the Court indicated that

the IRS had applied this standard in finding that integration with workers' compensation benefits was permissible. On the basis of this discussion, appellant asserts that *Alessi* did not approve of pension integration with *all* workers' compensation awards, but only those that correspond to benefits available under qualified pension plans. He argues that, whereas most workers' compensation awards provide payments for income maintenance and, thus, correspond to benefits provided under the Plan herein, his award for partial hearing loss provided compensation for "bodily impairment"—a scheduled award allegedly provided in addition to payments for income maintenance. Since his award allegedly did not correspond to benefits available under the Plan, appellant claims that integration of the award was not permissible under the IRS's standard and that integration violated ERISA.

We need not decide whether *Alessi* or relevant IRS rulings apply to *all* or only *some* workers' compensation awards. Even assuming, *arguendo*, that *Alessi* only applies to workers' compensation awards "in the nature of wage replacement," appellant has failed to demonstrate that his award for partial hearing loss was *not* provided for wage replacement. Contrary to appellant's contention, New York case law clearly establishes that even schedule awards under the New York Workmen's Compensation Law are intended to compensate for loss of presumed or actual earning power. *See, e.g., Marhoffer v. Marhoffer,* 220 N.Y. 543, 546–47, 116 N.E. 379 (1917); *Barbera v. Chez Vous Restaurant, Inc.,* 20 A.D.2d 942, 942, 248 N.Y.S.2d 900, 901 (1964); *Wilkosz v. Symington Gould Corp.,* 14 A.D.2d 408, 410, 221 N.Y.S.2d 209, 211 (1961), *aff'd,* 14 N.Y.2d 739, 199 N.E.2d 387, 250 N.Y.S.2d 297 (1964); *see also* 2 A. Larson, The Law of Workmen's Compensation § 58.11, at 10–323 (1987) (the theory underlying schedule benefits is the same as that underlying compensation law —"that benefits relate to loss of earning capacity and not to physical injury as such").

Appellant has failed to show any persuasive grounds for distinguishing *Alessi*

from the facts of this case; we therefore conclude that it is controlling and dispositive of his claim. Accordingly, the judgment of the district court is affirmed.