857 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John B. ARENT, Plaintiff-Appellant,
v.
PENSION PLAN OF REPUBLIC STEEL CORPORATION FOR ELIGIBLE
SALARIED EMPLOYEES, Defendant-Appellee.
 No. 87-4005.
 United States Court of Appeals, Sixth Circuit.
 Sept. 15, 1988.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and PATRICK J. DUGGAN, District Judge.*
 PER CURIAM.
 
 
 1
 This case arises under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Secs. 1001 et seq. Plaintiff, a retired employee of Republic Steel Corporation, received a workers' compensation award for a 31 percent hearing loss. Defendant subsequently reduced plaintiff's monthly pension payments, as authorized by the terms of the pension plan, to the end that plaintiff's total receipts from both sources should equal what he would have received from the plan alone had there been no workers' compensation award. Alleging a violation of ERISA's nonforfeitability provision, 29 U.S.C. Sec. 1053(a), plaintiff claims that his hearing loss award was not intended as replacement of lost wages and, therefore, was not the type of workers' compensation benefit that may be integrated with pension benefits. Because we conclude that defendant is entitled to judgment as a matter of law, we shall affirm the district court's grant of summary judgment for defendant.
 
 
 2
 Plaintiff, a former blast furnace foreman, was a participant in Republic Steel Corporation's 1970 pension plan for eligible salaried employees. He retired in August of 1981 and began receiving pension benefits of $412.12 per month in December of 1981.
 
 
 3
 Plaintiff suffered a hearing impairment for which he filed a workers' compensation claim with the New York Workers' Compensation Board. The Board affirmed a referee's decision awarding plaintiff $105 per week for 46.5 weeks. The award was 31 percent of the amount that would have been awarded by schedule for a 100 percent disability.
 
 
 4
 On January 22, 1985, defendant notified plaintiff that as a result of the payment of the workers' compensation award, it intended to recover $4430.26 already paid in pension benefits. Plaintiff's pension payments were subsequently reduced by $100 monthly until defendant recovered the $4430.26. Plaintiff unsuccessfully appealed defendant's decision to the plan's appeal committee and then filed this action in U.S. district court. On cross-motions for summary judgment the district court granted judgment to defendant.
 
 
 5
 Defendant based its reduction of plaintiff's benefits on Sec. 3.10(a) of the 1970 pension plan, which provides in pertinent part as follows:
 
 
 6
 "Deduction for Disability Payments
 
 
 7
 3.10(a) Any amount paid to or on behalf of any participant on account of injury or occupational disease incurred in the course of his employment by an Employing Company, Other Employer or any other employer causing disability in the nature of a permanent disability, whether pursuant to Workers' Compensation, Occupational Disease or similar statutory law (except fixed statutory payments for the loss of, or 100% loss of use of, any bodily member or a benefit in the nature of an annuity, pension or payment of similar kind by reason of any law), shall be deducted from or charged against the [pension benefits]." (Emphasis supplied.)
 
 
 8
 As determined by the Workers' Compensation Board, plaintiff suffered a 31 percent loss of binaural hearing. This loss did not constitute the loss of a bodily member or 100 percent loss of the use of a bodily member. Accordingly, plaintiff's workers' compensation award (which is not an annuity, pension, or similar payment) does not come within the exception of the offset provision.
 
 
 9
 Plaintiff alleges that the offset of benefits violated ERISA's nonforfeiture provisions, 29 U.S.C. Sec. 1053(a), and was contrary to the Supreme Court's decision in Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504 (1981). In Alessi the Court held that pension plan provisions for offsets based upon worker's compensation awards do not contravene ERISA's nonforfeiture provisions and, therefore, the Treasury Regulation (26 C.F.R. Sec. 1.411(a)-4(a)) permitting such offsets is valid. 451 U.S. at 509-15. The Alessi Court noted that under IRS rulings which Congress embraced, offset integration of pension funds with other benefit funds is permissible where (1) the employer contributes to the other benefit funds, (2) the other funds are designed for general public use, and (3) the benefits they supply correspond to benefits available under the pension plan. Id. at 519-20.
 
 
 10
 Under the third of these requirements, the IRS has disallowed integration of pension benefits with awards for damages, medical expenses, unemployment, and "fixed sums for bodily impairment." Id. at 520-21, citing Rev.Rul. 78-178, 1978-1 Crim.Bull. 118.
 
 
 11
 Citing Employee Benefits Committee of the Retirement System of Hawaiian Telephone Co. v. Pascoe, 679 F.2d 1319 (9th Cir.1982), plaintiff argues that Alessi allows integration of pension benefits with payments "received ... in the form of income replacement" and not with fixed sums paid for "bodily impairment." In Pascoe, the Ninth Circuit found that under Hawaiian law certain workers' compensation awards, such as partial permanent disability awards, compensate for impairment of bodily integrity and are not designed to replace lost wages. Accordingly, the court found, such benefits may not be set off against pension benefits. Id. at 1322. (Citing Alessi, the Pascoe court also found that ERISA preempted a state law that prohibited the offset of benefits intended to provide income replacement.)
 
 
 12
 In the case at bar, plaintiff contends that his workers' compensation award was for bodily impairment rather than for lost wages, and thus does not correspond to any benefit under the plan. Pascoe, however, provides no support for plaintiff's argument on this issue because it rests squarely on Hawaiian law. The case at bar arises under New York law.
 
 
 13
 In Reska v. Pension Plan of Bethlehem Steel Corp. and Subsidiary Companies, 848 F.2d 372 (2d Cir.1988), the Court of Appeals for the Second Circuit applied New York law to a plan provision that was similar to, if not identical with, the one in this case. The plaintiff in Reska suffered a 20 percent hearing loss for which he received a workers' compensation award that was offset against his pension benefits. As in the case at bar, the plaintiff argued that his award was for a bodily impairment rather than for lost wages and that, under Alessi, his award could not be deducted from his pension.
 
 
 14
 The Reska court concluded that it did not need to decide whether Alessi or relevant IRS rulings applied to all or only some workers' compensation awards. (Slip op. at 3577). The court found that "[c]ontrary to appellant's contention, New York case law clearly establishes that even schedule awards under the New York Workmen's Compensation Law are intended to compensate for loss of presumed or actual earning power." Id. The court concluded that Alessi was "controlling and dispositive" of the plaintiff's claim.
 
 
 15
 Reska demonstrates that the district court did not err in granting defendant's motion for summary judgment here, and the judgment is AFFIRMED.
 
 
 
 *
 Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation