Concha B. SERVER, Plaintiff-Appellee,

v.

INTERPACE CORPORATION, Defendant-Appellant.

No. 79–3832.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 3, 1981.

Decided Oct. 1, 1981.

Raul L. Martinez, Lewis, D'Amato, Brisbois & Bisgaard, Los Angeles, Cal. (argued), for defendant-appellant; Neal S. Dudovitz, Los Angeles, Cal., on brief.

Robert M. Simpson, Rose, Klein & Marias, Los Angeles, Cal., for plaintiff-appellee.

Before ANDERSON and POOLE, Circuit Judges, and EAST,* District Judge.

POOLE, Circuit Judge.

The district court granted Concha Server's motion for summary judgment finding that as a matter of law the offset of Server's workers' compensation benefits against her retirement benefits violated provisions of ERISA. Appellant, Interpace Corporation, appeals and we reverse.

*FACTS*

Appellee, Server, was an employee of Interpace from July 26, 1951 until October 1, 1975 when she suffered a job related back injury that left her 68% permanently disabled. At the time of the injury she held the position of ware sorter. She was awarded $25,690.00 in disability indemnity payable at the rate of $70.00 per week commencing May 10, 1975 and continuing through November 1, 1982.

On January 27, 1976, Server then age 62, applied for her retirement benefits under the Labor Management Retirement Pension Plan (LMRPP). Server's application was approved June 21, 1976 effective October 1, 1975. However, the Pension Committee determined that under Article IV ¶ C of the Company's Retirement Pension Plan Server would not be entitled to receive her monthly pension payment of $126.50 until termination of the disability benefits in November 1982.

Server's appeal of the decision was denied as was her request for reconsideration. On April 11, 1979 she filed suit in the district court for the Central District of California. She claimed that by offsetting her disability award against her pension, Interpace had breached Article IV ¶ C of the LMRPP and the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq., and particularly Sections 1053, 1056, and 1103. She also contended that Treasury Regulation § 411(a)–4(a) (Title 26 C.F.R.) is void as contrary to the mandates of ERISA to the extent that it is interpreted as allowing forfeiture of pension benefits protected by § 1053(a).

On September 17, 1979, the district court granted Server's summary judgment motion ruling that as a matter of law the offset of Server's workers' compensation benefits violated ERISA in that it constituted a forfeiture of vested pension benefits under § 1053, an assignment of benefits contrary to § 1056, and an improper reduction of the employer's funding obligation under § 1103. The court also ruled § 1.411(a)–4(a) was void to the extent it provided to the contrary. The court awarded Server her full monthly pension of $126.50, attorneys' fees of $950.00 and costs.

Subsequent to the entry of judgment Interpace moved to alter or amend the judgment. It contended that ERISA did not prohibit offset of workers' compensation payments with respect to early retirement benefits, and that since Server was only 62 when she became disabled offsets should continue until she attained the normal retirement age of 65. The court denied the motion concluding that Server had not tak-

---

* Hon. William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

en "early retirement" but had retired under the disability provisions of the plan, and alternatively ruled against Interpace because this argument had not been raised while the motion for summary judgment was pending.

## DISCUSSION

### I

On appeal an order granting summary judgment will be reversed if a genuine issue of material facts exists or if as a matter of law the moving party was not entitled to prevail. *Program Engineering v. Triangle Publication*, 634 F.2d 1188 (9th Cir. 1980); Fed.R.Civ.P. 56(c).

When the district court rendered its ruling for Server it did not have the benefit of the Supreme Court's decision in *Buczynski v. General Motors Corp.*, 456 F.Supp. 867 (D.C.N.J.1978), *rev'd* 616 F.2d 1238 (3d Cir. 1980), *aff'd sub. nom. Alessi v. Raybestos-Manhattan, Inc.*, 449 U.S. 949, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). In its opinion the Court unanimously ruled that: (1) workers' compensation offsets are permissible under ERISA; and (2) that the Treasury Regulation § 1.411(a)–4(a) is valid.

In these two cases, *Buczynski* and *Alessi*, the employees of General Motors and Raybestos-Manhattan brought suit against the two companies claiming that the offset of their workers' compensation awards against their retirement pension benefits was unlawful under New Jersey law. The district courts in adjudicating this issue not only determined the offset was prohibited by state law but also found that it violated § 1053(a) of ERISA. Additionally, the district courts held that § 1.411(a)–4(a), which authorized the offset clauses, was invalid as contrary to the intent of ERISA. The cases were consolidated on appeal and the Third Circuit reversed.

In affirming the Third Circuit the Supreme Court first concluded that the term "nonforfeitable" as defined by ERISA in § 1002(19) and used in § 1053(a) [1] simply assured "that an employee's claim to the protected benefit is legally enforceable but it does not guarantee a particular amount or a method for calculating the benefit." 101 S.Ct. at 1900. The composition of the pension benefit is left in large measure to the determination of the parties through the collective bargaining process. *Id.*

Thus, before determining that a forfeiture of a vested benefit has occurred the method used to calculate the benefits due under the plan must be examined. The court found the employers had utilized the "integration" procedure, a method which allows an employer to combine pension funds with other sources of income available to pensioners in computing the amount they will receive under the company's pension plan. 101 S.Ct. at 1901. Under this method a pensioner remains entitled to receive his established pension rate while the pension plan trustees are allowed to reduce the amount of the payment paid from the pension fund by the comparable amount paid to the employee from other federal or state sources. *Id.* at 1902–1903.

Though integration is not mentioned in ERISA, Treasury Regulation § 1.411(a)–4(a) [2] expressly authorizes integration with other benefits provided by federal or state law. The Court found that workers' compensation awards fell clearly within the boundaries of the Regulation in view of the fact that IRS rulings approving integration of these awards with pension benefits had been approved by Congress when ERISA was enacted. 101 S.Ct. at 1904. Additionally, the Court found that both the Social Security and Railroad Retirement Acts pro-

---

**1.** Section 1053(a) provides in pertinent part:

 (a) Each pension plan shall provide that an employee's right to his normal retirement benefit is nonforfeitable upon the attainment of normal retirement age. . . .

**2.** Treasury Regulations § 1.411(a)–4(a) provides in pertinent part:

 [N]onforfeitable rights are not to be considered to be forfeitable by reason of the fact that they may be reduced to take into account benefits which are provided under the Social Security Act or under any other Federal or State law and which are taken into account in determining plan benefits.

vided payment for wages lost due to disability or retirement and that integration of payments paid under these Acts had been possible regardless of the cause of the lost wages. Thus there appeared no rational basis upon which to distinguish workers' compensation benefits from benefits paid under the Social Security and Railroad Retirement Acts.

██ The arguments advanced by Server are the same as those argued by the plaintiffs in *Buczynski* and rejected by the Court. We find no basis upon which to distinguish this case from *Buczynski*, accordingly the grant of summary judgment cannot be upheld on the ground that offset is forbidden by ERISA.

The district court found the offset also violates §§ 1056 and 1103. Neither party made such an argument to the court and we find the ruling is without foundation.

## II

Because of the district court's conclusion that the offset of workers' compensation awards against Server's pension benefits constituted an unlawful forfeiture under ERISA the court never reached the issue whether the offset was also prohibited by Article IV ¶ C of LMRPP. We therefore remand for resolution of that issue.

## III

Judgment was entered October 5, 1979. On October 15, 1979 Interpace's Rule 59(e) motion to alter or amend the judgment on the ground that ERISA did not bar the forfeiture of early retirement benefits was denied by the district court on both procedural and substantive grounds. In view of our determination that offset of pension funds is permissible under ERISA this issue has been rendered moot.

**REVERSED AND REMANDED.**