PPG INDUSTRIES PENSION PLAN A (CIO); Clyde McLane, Jr., in his capacity as an Administrator and fiduciary thereunder; PPG Industries, Incorporated, Plaintiffs–Appellees,

v.

Elvin J. CREWS; John L. Ware; Paul W. Carder; James H. Cutright, Intervening Defendants–Appellants,

Nelson B. Robinson, Jr., in his capacity as Workers' Compensation Commissioner of West Virginia, Defendant. (Two Cases)

Nos. 89–2969, 89–2979.

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1990.

Decided May 9, 1990.

Sterl Franklin Shinaberry (argued), Sterl F. Shinaberry & Associates, Charleston, W.Va., (Robert L. Stultz, Bradley R. Oldaker, Wilson & Bailey, Weston, W.Va., on brief), for intervening defendants-appellants.

Judith A. Lewis (argued), PPG Industries, Inc., Pittsburgh, Pa., (Lynne D. Schmidt, PPG Industries, Inc., Pittsburgh, Pa., Robert G. Steele, Clement D. Carter,

Gordon H. Copland, Steptoe & Johnson, Clarksburg, W.Va., on brief), for plaintiffs-appellees.

Before HALL and WILKINSON, Circuit Judges, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.

WILKINSON, Circuit Judge:

In this case we must decide whether ERISA preempts a state statute that purportedly prohibits a company from deducting the amount of pension benefits previously paid to a retiree from the amount of the retiree's subsequent retroactive award of workers' compensation. We must also determine whether the pension plan in issue authorizes this offset. The district court held that ERISA controls and that the plan permits the offset.

We affirm.

## I.

Appellants Elvin J. Crews, John L. Ware, Paul W. Carder, and James H. Cutright are former employees of appellee PPG Industries, Inc. When appellants retired during the years 1973–1975, they began to receive monthly pension payments under PPG Industries Retiree Pension Plan I ("The Plan"). The Plan, which was created as a result of collective bargaining between PPG and union representatives, is subject to federal regulation under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq. ("ERISA").

In the years 1984–1986, appellants filed claims under West Virginia's Workers' Compensation Act for total disability as a result of their prolonged exposure to occupational dust. The West Virginia Workers' Compensation Commissioner found that appellants suffered from occupational pneumoconiosis and qualified for permanent total disability. As a result, the Commissioner ordered PPG—which insured itself for workers' compensation instead of participating in an independent workers' compensation fund—to make retroactive and prospective workers' compensation payments. The pay orders for retroactive payments covered the period from each claimant's date of retirement to the date of the Commissioner's award.

Upon receipt of the Commissioner's pay orders, PPG deducted the amount that it had already paid appellants in retirement pension benefits under the Plan from the amount of past payments due appellants under the retroactive awards of workers' compensation. It took this course pursuant to a provision of the Plan that contemplated an integration of pension benefits with workers' compensation benefits. The pertinent section of the Plan provides:

> Any amount paid to or on behalf of any Employee or pensioner on account of injury or occupational disease causing disability in the nature of a permanent disability for which the Company is liable, whether pursuant to Workmen's Compensation or occupational disease laws, ... shall be deducted from or charged against the amount of any pension payable ... for the period corresponding to the period to which such other amount or payment is applicable....

Pending resolution of this suit, PPG placed in escrow the difference between the amount of the Commissioner's pay orders and the amount that it paid appellants after integrating the funds.

Appellants filed administrative complaints with the Commissioner, arguing that PPG's offset was illegal. The Commissioner dismissed these complaints, holding that appellants had received the net total due them under both the Plan and the workers' compensation law. The West Virginia Workers' Compensation Appeal Board affirmed the Commissioner, and appellants sought review in the West Virginia Supreme Court.

In the meantime, the Plan administrator and PPG filed the instant suit in federal district court against the Commissioner. They sought declaratory and injunctive relief, including a determination that under ERISA a retroactive award under West Virginia's workers' compensation laws could not defeat the Plan's provision for integration of benefits. Appellants intervened in the federal action as defendants.

The West Virginia Supreme Court subsequently dismissed the state suit without prejudice in light of the pending federal action.

The federal district court granted the relief requested by PPG. After determining that West Virginia law concerning the regulation of workers' compensation funds "related to" the Plan and was thus partially preempted by ERISA, the court held that the Plan authorized PPG's offset.

This appeal followed.

## II.

Appellants first contend that PPG's offset is prohibited by the West Virginia Workers' Compensation Act. They argue that because West Virginia law requires a self-insurer like PPG to maintain a separate account for payment of workers' compensation benefits which cannot be combined with funds used to pay pension benefits, *see* 85 W.Va. C.S.R. § 1–4.1(e), PPG's reduction of the face amount of the Commissioner's pay orders by the amount of pension benefits already paid to appellants was an illegal admixture of benefit funds. Appellees dispute appellants' characterization of Section 1–4.1(e), which they claim does not require self-insured companies to establish an inviolable workers' compensation fund.

■ This case will not permit us to resolve the dispute about the proper interpretation of West Virginia law. ERISA was "intended to displace all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements." *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985). We hold that whatever the law's correct construction, it is preempted by ERISA to the extent that it "relates to" integration of pension benefits with awards of workers' compensation.

ERISA "supersede[s] any and all State laws insofar as they ... *relate to* any employee benefit plan" within its scope. 29 U.S.C. § 1144(a) (emphasis added). The Supreme Court has been emphatic on ERISA's preemptive force. "A law 'relates to' an employee benefit plan ... if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). ERISA preemption, moreover, "is not limited to 'state laws specifically designed to affect employee benefit plans,'" *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987) (quoting *Shaw*, 463 U.S. at 98, 103 S.Ct. at 2900), for "even indirect state action bearing on private pensions may encroach upon the area of exclusive federal concern." *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 525, 101 S.Ct. 1895, 1907, 68 L.Ed.2d 402 (1981).

In *Alessi*, the Supreme Court considered a New Jersey statute that prohibited reduction of pension benefits by the amount of workers' compensation awards received by retirees. *Alessi* held that New Jersey's statute "related to" pension plans governed by ERISA and was thus preempted because it impermissibly "eliminate[d] one method for calculating pension benefits— integration—that is permitted by federal law." *Id.* at 524, 101 S.Ct. at 1907. The *Alessi* Court emphasized that ERISA preempted New Jersey's workers' compensation statute even though the state law did not directly regulate pensions and even though the purposes of pension payments and workers' compensation benefits were not identical. *Id.* at 519, 525, 101 S.Ct. at 1904, 1907. *See also Employee Benefits Committee v. Pascoe*, 679 F.2d 1319 (9th Cir.1982) (ERISA preempts state workers' compensation law that prohibits offset of workers' compensation benefits against pension benefits); *Kapuscinski v. Plan Administrator*, 658 F.2d 427 (6th Cir.1981) (same).

*Alessi* and its progeny govern here. The West Virginia Workers' Compensation Act relates to a method of benefit integration that is protected by federal law. To the extent that the West Virginia law speaks to PPG's offset pursuant to the terms of the Plan, it is clearly preempted by ERISA.

This conclusion comports with ERISA's underlying goal of ensuring national uni-

formity with respect to pension rights and obligations. *See Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 15–17, 107 S.Ct. 2211, 2219–2220, 96 L.Ed.2d 1 (1987). ERISA was designed to ensure that substantive pension benefits not be subject to the vagaries of state law. The Plan here determines employee pension rights in six states. Unless ERISA governs, the Plan would apply differently to otherwise identically situated beneficiaries who live in different states under different workers' compensation regimes. ERISA forbids this result. Also, because the Plan is the product of collective bargaining, "the additional federal interest in precluding state interference with labor-management negotiations calls for preemption of state efforts to regulate pension terms." *Alessi,* 451 U.S. at 525, 101 S.Ct. at 1907.

■ Notwithstanding the fact that this case is governed by *Alessi,* appellants contend that the West Virginia statute providing for a separate workers' compensation plan is not preempted by ERISA because the workers' compensation plan falls under 29 U.S.C. § 1003(b)(3), which exempts from ERISA's coverage plans "maintained solely for the purpose of complying with applicable workmens' compensation laws."

This argument lacks merit. The § 1003(b)(3) exemption applies only to "separately administered" workers' compensation funds "maintained solely to comply" with applicable state law. *Shaw,* 463 U.S. at 108, 103 S.Ct. at 2905. However, since the non-exempt pension Plan refers to and incorporates into its operation PPG's workers' compensation plan, the workers' compensation plan, far from being "separately administered," is part and parcel of the pension Plan itself when integration is a factor. The whole point of ERISA–protected benefit integration is to *"combin[e]* pension funds with other income streams available to the retired employees," *Alessi,* 451 U.S. at 514, 101 S.Ct. at 1901 (emphasis added), and the Plan clearly contemplates that pension payments not be calculated without reference to other benefits the employee may have received since retirement.

West Virginia's workers' compensation law is preempted by ERISA because it relates to a matter of pension benefit integration within ERISA's exclusive province. It makes no difference that the statutory provision relating to this Plan is captioned "workers' compensation." "It is of no moment that [the state] intrudes indirectly, through a workers' compensation law, rather than directly, through a statute called 'pension regulation.'" *Alessi,* 451 U.S. at 525, 101 S.Ct. at 1907.

### III.

■ The conclusion that ERISA controls here does not end our inquiry, for ERISA does not require benefit integration, but rather "leaves integration ... subject to the discretion of pension plan designers." *Alessi,* 451 U.S. at 525, 101 S.Ct. at 1907. Appellants argue that the Plan does not authorize PPG to offset pension benefits already paid against awards of workers' compensation, and that the Plan administrator's interpretation of the Plan to allow such an offset is arbitrary and capricious. We need not decide whether the administrator's interpretation of the Plan must be reviewed under an arbitrary and capricious standard or under a de novo standard, *see Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *de Nobel v. Vitro Corp.,* 885 F.2d 1180 (4th Cir.1989), for the administrator's interpretation of the Plan is plainly correct.

The language of the Plan that is in controversy provides:

> Any amount paid to ... any ... pensioner ... pursuant to Workmen's Compensation [laws] ... shall be deducted from or charged against the amount of any pension payable ... for the period corresponding to the period to which such other amount or payment is applicable.

Appellants contend this language allows workers' compensation benefits to be charged against pension benefits payable, but not for pension benefits to be charged against workers' compensation benefits payable. Focusing on the term "pension payable," appellants maintain that under the Plan workers' compensation benefits

can only be integrated with pension benefits not yet paid. They conclude that pension benefits already paid under the Plan cannot be integrated with retroactive awards of workers' compensation.

We agree with the district court that appellants' interpretation of the Plan is strained. Noting that it made little sense to permit the deduction of workers' compensation payments from pension benefits, but not pension benefits from workers' compensation payments, the district court characterized appellants' arguments as "largely one of semantics." Both the district court and the West Virginia Compensation Commissioner viewed the Plan provision as one for the integration of these two forms of payment. Appellants ignore altogether the last phrase of the quoted language, which provides for workers' compensation payments to be integrated with "the amount of any pension payable... *for the period corresponding to the period to which such other amount or payment* [here, the workers' compensation award] *is applicable.*" (Emphasis added.) An "other amount or payment" would refer interchangeably to the form of benefits intended to be offset. An "applicable period" would clearly include past as well as future periods of benefit payments. The workers' compensation awards are "applicable" during past periods dating back to appellants' retirements, and the Plan thus provides for the award to be reduced by the amount of pension benefits paid during that time.

"The judicial role is not to rewrite plan provisions, but to assure that they are fairly administered." *Dzinglski v. Weirton Steel Corp.*, 875 F.2d 1075, 1078 (4th Cir. 1989). If the Plan were construed to permit offset of workers' compensation payments from pensions, but not vice versa, those in appellants' position could avoid integration and enhance their recovery by delaying their workers' compensation claims and later receiving a retroactive award. The Plan was not intended to discriminate against retirees based on the timing of their workers' compensation claims. Accordingly, PPG's offset was appropriate.

## IV.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.