**Manuel LOSADA, Plaintiff–Appellee,**

v.

**GOLDEN GATE DISPOSAL COMPANY, Golden Gate Disposal Company Employee's Pension Plan, Manuel C. Conte, individually and in his official capacity as Administrator and Retirement Committee Member of the Golden Gate Disposal Company Employees' Pension Plan, and Retirement Committee of the Golden Gate Disposal Employees' Pension Plan, Defendants–Appellants.**

No. 89–15690.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 1990.

Decided Dec. 6, 1991.

Richard Saveri, Saveri & Saveri, San Francisco, Cal., for defendants-appellants.

J. Kenneth Donnelly, Law Offices of J. Kenneth Donnelly, Oakland Cal., for plaintiff-appellee.

Before ALARCON and POOLE, Circuit Judges, and HATTER, District Judge.[*]

POOLE, Circuit Judge:

Golden Gate Disposal Co., the Golden Gate Disposal Co. Employees' Pension Plan, Manuel C. Conte, and the Retirement Committee of the Golden Gate Disposal Employees' Pension Plan (Golden Gate) appeal from the district court's grant of summary judgment to Manuel Losada on his complaint for recovery of pension benefits under section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132. Losada contended that Golden Gate had wrongfully reduced his pension benefits by the amount of disability benefits awarded to him under California's workers' compensation laws. We affirm the summary judgment order and remand to the district court for determination of attorney's fees.

## I

### Facts and Procedural History

Losada was employed by Golden Gate as a refuse collector and driver for twenty-six years, from May 1958 until he took normal retirement in August 1984. As a result of his retirement, Losada became eligible for the "normal retirement benefits" payable under the Golden Gate Disposal Company Pension Plan ("the plan"). On September 1, 1984, Losada began receiving his full retirement benefits of $968.76 per month.

On December 21, 1984, Losada filed an application for permanent disability with the California State Workers' Compensation Appeals Board. This application was based on an injury to Losada's shoulder, which he had sustained in the course of his employment on January 27, 1983. Losada had received temporary disability benefits for this injury between January 1983 and August 1983, and he was absent from his employment during that period. On May 22, 1986, Losada entered into an agreement with Golden Gate that compromised his claim for permanent disability benefits under California workers' compensation law. The agreement stated that "[a] dispute exists as to the nature and extent of permanent disability and further medical care. The parties wish to avoid the hazards of litigation and buy their peace." The agreement awarded Losada $14,500 payable in a lump sum, less $1,500 to his attorneys. The settlement was approved by the Workers' Compensation Appeals Board on June 10, 1986.

On July 9, 1986, the plan administrator reduced Losada's monthly pension benefits by $559.00 per month, effective August 1, 1986 through October 1, 1988, to offset the total $14,500 settlement award.[1]

---

[*] Honorable Terry J. Hatter, Jr., United States District Judge for the Central District of California, sitting by designation.

1. The plan administrator justified the offset by citing to section 6.6 of the pension plan, which provides:

6.6 *Deduction for Workers' Compensation*
(a) In determining the monthly benefits payable under this Article VI to a Member who retires on or after September 1, 1976, a deduction shall be made, unless prohibited by law, equal to all or any part of Workers' Compensation payable to such Members by reason of any law of the United States, or any political subdivision thereof, which has been or shall be enacted. Such deductions shall be to the extent that such Workers' Compensation has been provided by premiums, taxes or other payments paid by or at the expense of the Company. The deduction shall be made during the period such Workers' Compensation benefits and benefits under this Plan are simultaneously payable and such deduction shall be made irrespective of whether the Workers' Compensation is awarded after the Member terminates his employment. Notwithstanding the above, if a future periodic Workers' Compensation benefit is paid on a lump sum basis, the deduction of the periodic

On November 24, 1987, Losada filed a formal challenge pursuant to the plan's grievance procedures. The plan refused to change its position. On March 17, 1988, Losada filed a complaint for declaratory, injunctive, and monetary relief pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 2201. Losada sought restoration of his full pension benefits under the plan and an award of all benefits withheld under the plan's offset provisions.

The parties filed cross-motions for summary judgment. By oral order, the district court granted Losada's motion and denied Golden Gate's motion. On February 8, 1989, the district court's judgment was filed, granting Losada declaratory and injunctive relief. On April 25, 1989, the district court amended its judgment to order Golden Gate "to restore to plaintiff the total sum of fourteen thousand, five hundred dollars ($14,500.00) in pension benefits previously withheld, with interest, in the total sum of One thousand, nine hundred and nineteen dollars and thirty-eight cents ($1,919.38)." Golden Gate timely appeals.

The district court had jurisdiction pursuant to 29 U.S.C. § 1132(e). This court has jurisdiction pursuant to 28 U.S.C. § 1291.

## II

### Standard of Review

Our court review of a grant of summary judgment is *de novo*. *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). We determine "whether, viewing the evidence in a light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the relevant substantive law." *Fu–Kong Tzung v. State Farm Fire & Cas. Co.*, 873 F.2d 1338, 1339–40 (9th Cir.1989).

## III

### Integration of Benefits under ERISA

We are asked to decide whether the integration of workers' compensation benefits may be made to depend upon how they are treated under state law. Golden Gate argues that workers' compensation benefits can be offset whether they are considered as wage replacement or as disability compensation. Even if the character of the benefit determines whether an offset is permissible, Golden Gate asserts that the district court erred in relying on California law to make that determination.

Section 203 of ERISA, 29 U.S.C. § 1053, provides that "[e]ach pension plan shall provide that an employee's right to his normal retirement benefit is nonforfeitable upon the attainment of normal retirement age." 29 U.S.C. § 1053(a) (1988). In *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981), the Supreme Court considered whether "private pension plans [that] reduce a retiree's pension benefits by the amount of workers' compensation awards received subsequent to retirement" are lawful under section 203. *Id.* at 507, 101 S.Ct. at 1898. The plaintiffs in *Alessi* were retired employees whose pension plans included a provision for "integration," in which pension benefit levels "are determined by combining pension funds with other income streams available to the retired employees." *Id.* at 514, 101 S.Ct. at 1901. The Court noted that ERISA leaves the question of "the content of the benefit that, once vested, cannot be forfeited" "largely to the private parties creating the plan." *Id.* at 511, 101 S.Ct. at 1900. The Court concluded that, although Congress set certain limits on permissible accrual practices, 29 U.S.C. § 1054(b)(1) (1988), and vesting schedules, *id.* § 1053(a)(2), it specifically did not prohibit integration. 451 U.S. at 514. In fact, as the Court pointed out, Congress specifically permitted the pooling

benefit shall be made for the period determined by dividing the lump sum settlement by the periodic benefit.

  (b) The monthly benefit of any Member to whom Section 6.6(a) applies will not be less than his Accrued Benefit as of September 1, 1976, after adjustment for early retirement under Section 6.2 of the contingent annuitant benefit under Section 7.1(a).

of Social Security Act and Railroad Retirement Act benefits in calculating pension benefits, 29 U.S.C. § 1054(b)(1)(B)(iv), (b)(1)(C), (b)(1)(G), without providing a specific exception to section 203. 451 U.S. at 514-15, 101 S.Ct. at 1901-02.

The Court also examined Treasury Regulation 26 C.F.R. § 1.411(a)-4(a), which specifies that " 'nonforfeitable rights are not considered to be forfeitable by reason of the fact that they may be reduced to take into account benefits which are provided under the Social Security Act or any other Federal or State law and which are taken into account in determining plan benefits.' " Id. at 517, 101 S.Ct. at 1903 (quoting 26 C.F.R. § 1.411(a)-4(a) (1980)). The Court concluded that 26 C.F.R. § 1.411(a)-4(a) was consistent with ERISA, id. at 517-21, 101 S.Ct. at 1903-05, as were the IRS rulings upon which it was based. Id. (examining Rev.Rul. 69-421, Part 4(j), 1969-2 Cum.Bull. 72; Rev.Rul. 68-243, 1968-1 Cum.Bull. 157). The Court reasoned that "when it enacted ERISA, Congress knew of the IRS rulings permitting integration and left them in effect," id. at 519, 101 S.Ct. at 1904, "thereby permitt[ing] integration along the lines already approved by the IRS, which had specifically allowed pension benefit offsets based on workers' compensation." Id. at 521, 101 S.Ct. at 1905.[2]

The Court hypothesized that the IRS treats workers' compensation differently from tort damages because "the IRS may have concluded that workers' compensation is as much an income maintenance program, responding to wage loss, as it is remuneration for injury, and therefore it may be integrated with pension benefits to the advantage of the entire employee group." Id. at 520 n. 16, 101 S.Ct. at 1905 n. 16.

This court confronted its first post-*Alessi* decision in *Server v. Interpace Corp.*, 657 F.2d 1115 (9th Cir.1981). The district court in that case had granted summary judgment to the plaintiff, ruling that offsetting her workers' compensation disability payments against her pension benefits was an impermissible forfeiture under ERISA. Id. at 1116. The district court did not have the benefit of *Alessi*, which was not decided until after the district court rendered its summary judgment ruling. Id. at 1117. We reversed the district court, finding "no basis on which to distinguish this case" from *Alessi*'s approval of the integration of workers' compensation benefits. Id. 657 F.2d at 1117-18. We then remanded to the district court for a determination whether integration was permitted under the pension plan at issue. Id. at 1118.

■ The issue presented in this case, whether workers' compensation payments are subject to integration depends on their character under state law, was not presented to this court for its decision in *Server*. That issue first arose in *Employee Benefits Committee v. Pascoe*, 679 F.2d 1319 (9th Cir.1982). The *Pascoe* defendants-appellees in the declaratory relief action were recipients of pension benefits from the Hawaiian Telephone Company that had been offset by workers' compensation payments.

---

**2.** These IRS rulings were summarized by the Court as follows:

The IRS rulings base their allowance of pension payment integration on three factors: the employer must contribute to the other benefit funds, these other funds must be designed for general public use, and the benefits they supply must correspond to benefits available under the pension plan. The IRS employed these considerations in approving integration with workers' compensation benefits. *E.g.,* Rev.Rul. 69-421, Part 4(j), 1969-2 Cum.Bull. 72; Rev.Rul. 68-243, 1968-1 Cum.Bull. 157. In contrast, the IRS has disallowed offsets of pension benefits with damages recovered by an employee through a common-law action against the employer. Rev.Rul. 69-

421, Part 4(j)(4), 1969-2 Cum.Bull. 72; Rev. Rul. 68-243, 1968-1 Cum.Bull. 157-58. *The IRS also has not permitted integration with reimbursement for medical expenses or with fixed sums made for bodily impairment because such payments do not match up with any benefits available under a pension plan qualified under the Internal Revenue Code and ERISA.* Rev.Rul. 78-178, 1978-1 Cum.Bull. 118, Similarly, the IRS has disapproved integration with unemployment compensation, for, as payment for temporary layoffs, it too is a kind of benefit not comparable to any permitted in a qualified pension plan. Id. at 117-118.
*Id.* 451 U.S. at 520-21, 101 S.Ct. at 1904-05 (emphasis added) (footnotes omitted).

*Id.* at 1319. The Employee Benefits Committee of the Retirement System and the Company sued for a declaration that they were entitled to offset the workmen's compensation benefits against the benefits they would receive under the pension plan. The district court granted the defendants' cross-motion for summary judgment, and the Employee Benefits Committee appealed. *Id.* at 1320. This court accepted the appellees' argument that *Alessi* prohibited the integration of workers' compensation payments that are unrelated to income maintenance, such as remuneration for medical expenses and bodily impairment awards. *Id.* at 1321. To determine the character of the benefits at issue, the court examined Hawaii's workers' compensation law, determined that because "the company [had] offset only those payments which Hawaii law recognizes as intended to provide income replacement," and reversed the district court's entry of summary judgment, holding that the pension benefits at issue could be offset. *Id.* at 1321–22.

Thus, under *Pascoe*, the benefits at issue in this case must be examined to determine their character under California's workers' compensation law. *Id.*[3]

Appellants contend that this interpretation of *Pascoe* conflicts with *Server*. Despite appellants' suggestion, *Server* is not inconsistent with an analysis of California workers' compensation law. In *Server*, this court was only confronted with the question whether workers' compensation payments could be integrated at all. 657 F.2d at 1118. The character of the payments under the relevant state law was not at issue, as it was in *Pascoe*. *See Webster v. Fall,* 266 U.S. 507, 511, 45 S.Ct. 148, 149, 69 L.Ed. 411 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

■ Under California law, temporary disability benefits compensate for a mixture of lost future income and injury to bodily integrity. *Buhlert Trucking v. Workers' Compensation Appeals Bd.,* 199 Cal.App.3d 1530, 1535, 247 Cal.Rptr. 190, 193 (1988). As the California Court of Appeal has stated, California workers' compensation laws

provide for a variety of benefits to injured employees. They include compensation for temporary disability ([Cal.Labor Code] §§ 4650, 4653) permanent disability (§§ 4650, 4658–4660), and medical care (§§ 4600–4605). Their separate statutory treatment serves different legislative goals. "Employer liability for medical and surgical services is provided in major part in order to facilitate the worker's speedy recovery and to maximize his productive employment. Temporary disability indemnity is intended primarily to substitute for the worker's lost wages, in order to maintain a steady stream of income. Permanent disability indemnity has a dual function: to compensate both for actual incapacity to work and for physical impairment of the worker's body, which may or may not be incapacitating."

*Id.,* 199 Cal.App.3d 1530, 247 Cal.Rptr. at 193 (quoting *J.T. Thorp, Inc. v. Workers' Compensation Appeals Bd.,* 153 Cal. App.3d 327, 333, 200 Cal.Rptr. 219, 223 (1984)) ("[P]ermanent disability indemnity compensates for the residual handicap and/or impairment of function after maximum recovery from the effects of the industrial injury have been attained.").

---

3. *See also Reska v. Pension Plan of Bethlehem Steel Corp.,* 848 F.2d 372, 375 (2d Cir.1988) ("Even assuming, *arguendo,* that *Alessi* only applies to workers' compensation laws in the nature of wage replacement, appellant has failed to demonstrate that his award for partial hearing loss was *not* provided for wage replacement. Contrary to appellant's contention, New York case law clearly establishes that even schedule awards under the New York Workmen's Compensation Law are intended to compensate for loss of presumed or actual earning power."). *But see PPG Indus. Pension Plan A (CIO) v. Crews,* 902 F.2d 1148 (4th Cir.1990) (approving integration of permanent total disability benefits without examining state law); *Kapuscinski v. Plan Administrator,* 658 F.2d 427, 429 (6th Cir.1981) ("ERISA allows GM, as administrator of the Pension Plan, to deduct *any* workers' compensation awards from its retirees' pensions pursuant to the Pension Plan." (emphasis added)).

Losada had previously received temporary disability benefits for the injury to his left shoulder. The settlement agreement acknowledged this fact, stating that the agreement concerned "permanent disability and future medical care." The settlement award thus compensated for lost future income and injury to bodily integrity. Because Losada took normal retirement, and the settlement award was determined after that retirement, however, his lost future income is presumably negligible. As a result, the entire settlement award constitutes compensation for bodily impairment. Under *Alessi* and *Pascoe*, this award cannot be offset against Losada's pension benefits.

The Fourth and Sixth Circuits have approved integration of all workers' compensation payments, regardless of the character of the benefits under state law. *See PPG Indus. Pension Plan A (CIO) v. Crews*, 902 F.2d at 1153 (approving integration of permanent total disability benefits without examining state law); *Kapuscinski v. Plan Administrator*, 658 F.2d at 429 ("ERISA allows GM, as administrator of the Pension Plan, to deduct *any* workers' compensation awards from its retirees' pensions pursuant to the Pension Plan." (emphasis added.)) However, under *Pascoe*, the law of this Circuit requires a determination of the character of the benefits under state law before the application of the integration method of calculating pension benefits. As a result, Golden Gate's argument does not prevail.

## IV

### ERISA Preemption of California Law

Golden Gate contends that, even if *Alessi* makes the character of the benefit determinative of the permissibility of offset, the district court erred in looking to California law to determine the character of the settlement award.

Section 514(a) of ERISA, 29 U.S.C. § 1144(a), preempts " 'any and all state laws insofar as they may now or hereafter relate to any employee benefit plan' covered by the statute." *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825,

829, 108 S.Ct. 2182, 2185, 100 L.Ed.2d 836 (1988) (quoting 29 U.S.C. § 1144(a)). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with *or reference to* such a plan." *Id.* (quotation omitted) (emphasis added in *Mackey*). "A law purports to regulate a plan if it attempts to reach in one way or another the terms and conditions of employee benefit plans." *Hydrostorage, Inc. v. Northern Cal. Boilermakers Local Jt. Apprenticeship Comm.*, 891 F.2d 719, 729 (9th Cir.1989), *cert. denied sub nom. California Division of Apprenticeship Standards v. Hydrostorage, Inc.*, ―― U.S. ――, 111 S.Ct. 72, 112 L.Ed.2d 46 (1990).

There is no question that ERISA preempts "laws that provide rules for the calculation of the amount of benefits to be paid under ERISA plans." *Martori Bros. Distrib. v. James–Massengale*, 781 F.2d 1349, 1357 (9th Cir.1986), *amended*, 791 F.2d 799 (9th Cir.1986), *cert. denied*, 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 385 (1986), *and cert. denied* 479 U.S. 1018, 107 S.Ct. 670, 93 L.Ed.2d 722 (1986) (footnote omitted). Thus, state laws that prohibit the use of the integration method in computing benefits are preempted. *See Alessi*, 451 U.S. at 524–25, 101 S.Ct. at 1907 ("New Jersey's effort to ban pension benefit offsets based on workers' compensation applies directly" to the technique of calculating benefits by integration); *Pascoe*, 679 F.2d at 1322–23 (Hawaii law prohibiting offset of workers' compensation payments is preempted by ERISA). Similarly, ERISA preempts "laws that regulate the type of benefits or terms of ERISA plans." *Martori Bros. Distrib. v. James–Massengale*, 781 F.2d at 1357 (footnote omitted). Thus, state laws that require the provision of specific types of benefits are preempted. *Standard Oil Co. v. Agsalud*, 633 F.2d 760, 764–65 (9th Cir.1980), *aff'd mem.*, 454 U.S. 801, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981).

■ The California workers' compensation laws at issue here and the state court decisions interpreting those laws do not provide "rules for the calculation of the amount of benefits" or "regulate the types

of benefits" under ERISA plans. Indeed, those laws provide a determination of the character of the benefits paid under state law. "Given the basic differences between a 'benefit' and a 'plan,' Congress' choice of language is significant in its pre-emption of only the latter." *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 8, 107 S.Ct. 2211, 2216, 96 L.Ed.2d 1 (1987) (Maine severance pay statute does not "relate to" ERISA). As a result, the California laws determining the character of Losada's settlement award do not fall within the preemptive scope of ERISA.

## V

### Attorney's Fees

■ Losada has requested an award of attorney's fees on appeal pursuant to 29 U.S.C. § 1132(g). Section 1132(g) permits an award of "a reasonable attorney's fee and costs of action to either party" in any action "by a participant, beneficiary or fiduciary." 29 U.S.C. 1132(g)(1) (1988); *see also Smith v. Retirement Fund Trust*, 857 F.2d 587, 592 (9th Cir.1988). This court has established the following factors to be considered in exercising discretion to award attorney's fees:

> (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Kim v. Fujikawa*, 871 F.2d 1427, 1435 (9th Cir.1989). "If a plan participant or beneficiary prevails in an action to enforce his rights under the plan, he ordinarily should recover attorney's fees in the absence of special circumstances making an award unjust." *Smith v. Retirement Fund Trust*, 857 F.2d at 592; *see also Smith v. CMTA–IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir.1984) ("As a general rule, ERISA employee plaintiffs should be entitled to a

reasonable attorney's fee if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.") (quotations omitted).

Golden Gate does not argue that an award of attorney's fees to Losada would be unjust. Furthermore, because this case is controlled by *Pascoe*, Losada's position has greater merit. Accordingly, Losada should be awarded his attorney's fees on appeal.

## VI

### Conclusion

We affirm the district court order entering summary judgment in favor of Losada. We remand for a determination of Losada's attorney's fees on appeal.

AFFIRMED in part and REMANDED.