12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary L. JOVANOVICH, Plaintiff-Appellant,
v.
Patrick SWEENEY; et al., Defendants-Appellees.
 No. 93-35372.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 1, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary L. Jovanovich, a Nevada state prisoner, appeals pro se the district court's order (1) dismissing Jovanovich's 42 U.S.C. Sec. 1983 action with prejudice for failure to state a claim for which relief can be granted; and (2) denying his request for leave to amend the complaint. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm in part and vacate and remand in part.
 
 
 3
 We review de novo the district court's dismissal of an action for failure to state a claim. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). To state a section 1983 claim, Jovanovich had to allege facts showing that defendants deprived him of a right, privilege, or immunity secured by the Constitution or federal statutes. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 
 4
 On September 14, 1992, Jovanovich filed a second amended complaint in the federal district court for the District of Montana, naming as defendants members of the Montana State Mutual Compensation Insurance Fund ("SMCIF"), the state agency that administers workers' compensation benefits. Jovanovich alleged that he was injured in a work-related accident in 1983. He was declared 21% disabled and thereafter began receiving workers' compensation benefits. Jovanovich also alleged that in 1990 the federal Social Security Administration placed him on permanent total disability, and that the SMCIF gave him the same status at or about the same time.
 
 
 5
 In 1987, the Montana legislature amended the state workers' compensation laws to provide for a periodic cost-of-living adjustment ("COLA") to the amount of benefits paid to claimants who are on permanent total disability. See Mont.Code. Ann. Sec. 39-71-702(5) ("section 702(5)").[1] Jovanovich claimed that defendants violated his rights to due process and equal protection by failing to award him a COLA. Defendants argued, and the district court agreed, that Jovanovich was not entitled to a COLA because his injury occurred before the effective date of the amendment. The court rejected Jovanovich's constitutional claims and granted defendants' motion to dismiss.
 
 
 6
 Jovanovich contends the defendants deprived him of property without due process by refusing to award him a COLA. This contention lacks merit.
 
 
 7
 To state a due process claim, Jovanovich had to allege facts showing that he had a protectible property interest in the COLA. See Griffeth v. Detrich, 603 F.2d 118, 120 (9th Cir.1979) (procedural due process requirements apply only to deprivation of liberty or property interests encompassed by fourteenth amendment), cert. denied, 445 U.S. 970 (1980). This required Jovanovich to demonstrate a legitimate claim of entitlement to the COLA. See Board of Regents v. Roth, 408 U.S. 564, 577 (1972). "Property rights to public benefits are defined by the statutes or customs that create the benefits." Jones v. Reagan, 748 F.2d 1331, 1338 (9th Cir.1984), cert. denied, 472 U.S. 1029 (1985). In Montana, workers' compensation benefits are a matter of contract. Buckman v. Montana Deaconess Hosp., 730 P.2d 380, 384 (Mont.1986). Jovanovich's entitlement to benefits is determined under the statutes in effect at the time of his injury. See id. at 382.
 
 
 8
 When Jovanovich was injured in 1983, the Montana workers' compensation statutes did not provide a COLA for claimants on permanent total disability. Moreover, in enacting section 702(5) in 1987, the Montana legislature specifically provided that the COLA provision was applicable only in cases of injuries occurring on or after July 1, 1987. See Act of July 1, 1987, ch. 464, Secs. 22 & 72, 1987 Montana Laws 1092, 1105, 1129. Although Jovanovich was not placed on permanent total disability until 1990, his injury occurred in 1983. Jovanovich therefore does not have a legitimate claim of entitlement to a COLA and, consequently, does not have a protectible property interest in receiving a COLA. See Roth, 408 U.S. at 577. We conclude that the district court did not err by dismissing Jovanovich's due process claim.[2]
 
 
 9
 Jovanovich also contends that section 702(5) violates his right to equal protection of the laws because the statute establishes eligibility for COLAs in an arbitrary manner. This contention lacks merit.
 
 
 10
 As we noted above, section 702(5) allows COLAs for claimants who were permanently totally disabled on or after July 1, 1987 but not for claimants who were permanently totally disabled before July 1, 1987. See 1987 Montana Laws at 1105 & 1129. Section 702(5) does not employ a suspect or quasi-suspect classification. See Benson v. Arizona State Bd. of Dental Examiners, 673 F.2d 272, 278 n. 15 (9th Cir.1982) (listing recognized suspect and quasi-suspect classifications). Nor does the statute impinge on a fundamental right. See Ortwein v. Schwab, 410 U.S. 656, 659 (1973); Fisher v. Reiser, 610 F.2d 629, 636 (9th Cir.1979) (per curiam) (denial of supplemental benefits not based on necessity "does not implicate the same constitutional concerns that denial of the benefit for basic subsistence does"), cert. denied, 447 U.S. 930 (1980). We therefore reject Jovanovich's argument that section 702(5) is subject to strict scrutiny. Instead, we must uphold section 702(5) as long as it bears a rational relation to a legitimate state objective. See Jones, 748 F.2d at 1337.
 
 
 11
 The district court found that the Montana legislature's decision to limit eligibility for COLAs to persons injured on or after July 1, 1987 was rationally related to the legitimate state objectives of avoiding tampering with existing contractual obligations and avoiding the administrative costs associated with paying retroactive increases. We agree. See Fisher, 610 F.2d at 637 (stating that concerns over administration costs could support limitation of COLAs to in-state residents); Buckman, 730 P.2d at 384 (stating that workers' compensation "is based on contract theory" and that statutes in effect at time of injury determine contractual rights).[3] We therefore conclude that the district court did not err by dismissing Jovanovich's equal protection claim.
 
 
 12
 Finally, Jovanovich contends the district court erred by failing to address his claim that defendants offset his Social Security benefits against his workers' compensation benefits by more than the statutory limit. We believe the district court should have addressed the offset issue. Jovanovich's allegations regarding this issue indicate that, in essence, he is claiming that defendants have offset more than is allowed under Montana law. See Mont.Stat.Ann. Sec. 39-71-702(4); McClanathan v. Smith, 606 P.2d 507, 512 (Mont.1980); see also Freier v. New York Life Ins. Co., 679 F.2d 780, 783 (9th Cir.1982). Although the present allegations do not state a federal claim on this issue, we cannot say that there is no set of circumstances Jovanovich could allege to set forth such a claim. The district court did not address this issue and Jovanovich is pro se. Accordingly, we remand to the district court for further proceedings. See McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992).[4]
 
 
 13
 AFFIRMED IN PART and VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 702(5) provides, in pertinent part, that "[a] worker's benefit amount must be adjusted for a cost-of-living increase on the next July 1 after 104 weeks of permanent total disability benefits have been paid and on each succeeding July 1."
 
 
 [2]
 As Jovanovich argues, the plain language of section 702(5) does not distinguish between claimants on the basis of their date of injury. Nevertheless, we cannot ignore the legislature's clearly expressed intent. See 1987 Montana Laws at 1105, 1129; Escobar-Ruiz v. INS, 838 F.2d 1020, 1023 (9th Cir.1988) (court may look to legislative history to determine if there is clearly expressed legislative intention contrary to statutory language)
 In addition, Jovanovich's contention that the defendants violated his civil rights by appearing before the Montana legislature and urging passage of the 1987 amendment lacks merit. See Boulware v. Nevada Dep't of Human Resources, 960 F.2d 793, 800 (9th Cir.1992). We reject, however, defendants' attempt to limit the scope of this appeal to this single issue.
 
 
 [3]
 On appeal, Jovanovich does not challenge the district court's findings but, rather, argues that section 702(5) violates the Equal Pay Act ("EPA"), 29 U.S.C. Sec. 206(d) and Title VII, 42 U.S.C. Sec. 2000e-2(a), and that section 702(5) is preempted by the Employee Retirement Income and Security Act ("ERISA"), 29 U.S.C. Secs. 1001-1371. Because there is absolutely no indication that the COLA limitation at issue is gender-based, Jovanovich may not rely on either the EPA or Title VII. See Forsberg v. Pacific Northwest Bell Tel. Co., 840 F.2d 1409, 1413 & 1418 (9th Cir.1988) (EPA only prohibits pay differences based on sex; if EPA claim fails, then equal pay claim under Title VII also fails). Moreover, because there is no indication that section 702(5) is related in any way to an ERISA plan, Jovanovich's preemption claim also fails. See Losada v. Golden Gate Disposal Co., 950 F.2d 1395, 1400 (9th Cir.1991)
 
 
 [4]
 Jovanovich also challenges the district court's denial of his request for leave to amend his complaint. Because we remand to the district court, we decline to consider at this time whether the district court erred by denying Jovanovich's request for leave to amend